UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KALON GARRISON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:23-cv-01520-MTS |
| ) | |
| ALL STAR DODGE CHRYSLER JEEP ) | |
| RAM, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on self-represented plaintiff Kalon Garrison's application to proceed in district court without prepaying fees or costs. Doc. [2]. Having reviewed the application and the financial information submitted in support, the Court will grant the motion and waive the filing fee. Additionally, for the reasons discussed below, the Court will dismiss the complaint under 28 U.S.C. § 1915(e)(2).

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). Even so, self-

represented plaintiffs must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To sufficiently state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

**The Complaint**

Plaintiff brings this action against All Star Dodge Chrysler Jeep Ram for alleged violations of the Truth in Lending Act ("TILA") and "the Consumer Protection Act."[1] Doc. [1]. He filed this action on November 28, 2023, using the Court's "Civil Complaint" form. *Id.* In the "Statement of Claim" portion of the form, plaintiff states:

1. My rights were violated due to me financing a vehicle
2. October 26, 2023
3. All Star Dodge Chrysler Jeep Ram, 11503 Saint Charles Rock Road Bridgeton, MO 63044
4. Unlawful discrimination, discouraged, consumer rights, unfair practices, predatory lending

---

[1] The Court will assume for the purposes of this analysis that plaintiff is referring to the Consumer Credit Protection Act, 15 U.S.C. §§ 1601, *et seq.* ("CCPA"), which encompasses TILA.

> 5. I am writing to express my dissatisfaction regarding the recent transaction with "All Star Dodge Chrysler Jeep Ram", specifically pertaining to Truth in Lending Act (TILA) disclosures and the failure to receive my truck in accordance with a Notice of Recission Letter (Consumer Credit Transaction).

*Id.*

Plaintiff attached the following documents to his complaint: (1) A letter from Stellantis Financial Services, Inc. notifying plaintiff that his credit application had been denied, (2) a document titled "Demand for Bill of Particulars," (3) copies of several federal statutes relating to commerce, (4) a document titled "Affidavit of Truth" in which plaintiff quotes various portions of the CCPA and TILA, (5) a document titled "Affidavit of Truth Affidavit of Response for Cease and Desist" in which plaintiff demands that defendant cease and desist unspecified activity, (6) a document titled "Affidavit (Sworn Statement)" in which plaintiff declares under penalty of perjury that an unspecified statement is true and correct, and (7) a letter from plaintiff to defendant purporting to rescind the consumer credit transaction initiated on October 26, 2023. Plaintiff filed a second "Demand for Bill of Particulars" on January 19, 2024, and second "Affidavit of Truth" on February 5, 2024.

Plaintiff seeks "Federal Court Profes[s]ional Advice on potential claims for maximum punitive damages, the full amount of the vehicle and violations and fines, beli[e]ving [he] may be entitled to recover losses from specific incidents." Doc. [1]. In his "Demand for Bill of Particulars," plaintiff indicates that the vehicle is worth $104,150. Doc. [1-3] at 11.

## Discussion

Because plaintiff is proceeding in forma pauperis, his complaint is subject to review under 28 U.S.C. § 1915. Having conducted that review, the Court concludes that the complaint fails to state a claim upon which relief can be granted.

Despite plaintiff's multiple references to the CCPA and TILA throughout his complaint, the Court is unable to discern the exact nature of plaintiff's claims. The complaint seems to reflect that plaintiff tried to purchase a vehicle from defendant on October 26, 2023, but plaintiff failed to obtain financing.[2] Plaintiff then drafted a letter to defendant in which he purported to "rescind the consumer credit transaction" because he did not receive "all the material disclosures and notices required" under TILA. At no point in the complaint, however, does plaintiff specify which "disclosures" he failed to receive.

To state a claim under TILA, a plaintiff must state "with requisite specificity which charges and fees were not properly disclosed and why certain charges and fees are not bona fide and are unreasonable in amount." *Diallo v. Capital One, N.A.,* No. 23-1532, 2023 WL 3136145, at *2 (E.D. Pa. Apr. 26, 2023) (quoting *Wilson v. Round Point Mortgage Servicing Corp.,* No. 21-19072, 2022 WL 3913318, at *5 (D.N.J. Aug. 31, 2022)); *see also Yancey v. First Bank*, 2016 WL 4126661, at *4 (W.D. Va. Aug. 2, 2016) (dismissing TILA claim when complaint failed to reference the specific section of TILA being violated); *Robinson v. Capital One Auto Finance,* 2020 WL 8186266, at *2 (S.D. Fl. Dec. 11, 2020) (dismissing amended complaint because plaintiff failed to allege a specific provision of TILA allegedly violated by defendant). Here, plaintiff does not identify any particular charges or fees, or explain why those charges and fees are not bona fide. Plaintiff states only that "his rights were violated due to [him] financing a vehicle" and that he "believes [he] may be entitled to recover losses from specific incidents." Doc. [1].

While the Court must accept plaintiff's factual allegations as true, it "is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions

---

[2] Curiously, in another case involving nearly identical claims, plaintiff asserts that he attempted to purchase a vehicle from Frank Leta Acura on the same day. *See Garrison v. Frank Leta Acura*, No. 4:23-cv-01528-SPM (E.D. Mo. Nov. 28, 2023).

cast in the form of factual allegations." *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002). It is not the Court's responsibility to sift through plaintiff's various attachments and generic citations to find a claim. Plaintiff's allegations are devoid of any factual support and do not raise a right to relief above the speculative level. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). For these reasons, the Court finds that the complaint fails to state a plausible claim under the CCPA or TILA. As a result, the Court will dismiss this case under 28 U.S.C. § 1915(e).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis, Doc. [2], is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate Order of Dismissal will accompany this Memorandum and Order.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

Dated this 15th day of April, 2024.